ATTORNEY DISCIPLINARY PROCEEDING
PER CURIAM *
| Respondent, John E. Settle, Jr., was twice charged with operating a motor vehicle while under the influence of alcohol. On April 25, 2012, we suspended respondent for a period of one year and one day, fully deferred, subject to his successful completion of a five-year recovery agreement with the Judges and Lawyers Assistance Program (“JLAP”). In re: Settle, 12-0617 *226 (La. 4/25/12), 87 So.3d 853. In the instant matter, the Office of Disciplinary Counsel (“ODC”) seeks to make the deferred suspension executory, based upon respondent’s violation of his JLAP recovery agreement.
UNDERLYING FACTS AND PROCEDURAL HISTORY
Respondent executed a five-year JLAP agreement on January 10, 2012. The recovery agreement required him to abstain from alcohol and to submit to random testing for alcohol consumption. By correspondence dated January 25, 2016, JLAP Director Buddy Stockwell advised the ODC that on November 4, 2015, respondent tested positive for alcohol, thereby violating his JLAP agreement.[1] Furthermore, Mr. Stockwell advised that although respondent had initially agreed to attend an inpatient professional assessment from January 18-20, 2016, as |arequired by JLAP, respondent subsequently cancelled his evaluation and declined to reschedule it. Mr, Stockwell concluded that as a result of respondent’s failure to cooperate in the JLAP assessment process, “we cannot do anything further for Mr. Settle at this time and are discharging him from further JLAP monitoring.”
In February 2016, the ODC filed a motion to make respondent's suspension exec-utory. Respondent filed an opposition to the ODC’s motion in which he raised some issues relating to his compliance with his JLAP contract. He further noted that he was scheduled for an inpatient professional assessment at Clarity Professional Evaluation Center (“Clarity”) in Nashville, Tennessee on April 4-6, 2016, On March 14, 2016, we issued an order deferring action on the ODC’s motion to make respondent’s suspension executory until after respondent’s evaluation was completed.
Respondent was evaluated at Clarity in April as scheduled. The parties thereafter filed a copy of the report of the evaluation in this court, and submitted responses to the report. The ODC’s motion to make respondent’s suspension executory is now ripe for determination.
DISCUSSION
Considering the complete record of these proceedings, we conclude respondent has violated the conditions of our prior order in In re: Settle, 12-0617 (La. 4/25/12), 87 So.3d 853. Accordingly, we find it appropriate to make the deferred one year and one day suspension executory.
However, in the interest of justice, we will defer all but six months of that suspension subject to the explicit condition that in order to be reinstated, respondent shall provide the court with a letter from the Executive Director of the Lawyers Assistance Program confirming that he has executed a recovery agreement with the Judges and Lawyers Assistance Program. Upon reinstatement, | ¡¡respondent shall remain on probation for a period of five years, to coincide with the term of his recovery agreement.
DECREE
For the reasons assigned, the previously deferred one year and one day suspension imposed upon respondent, John E. Settle, Jr., Louisiana Bar Roll number 11950, in In re: Settle, 12-0617 (La. 4/25/12), 87 So.3d 853, is hereby made immediately *227 executory. All but six months of that suspension shall be deferred with the explicit condition that before being reinstated pursuant to Supreme Court Rule XIX, § 23, in addition to complying with all other requirements set forth in § 23, respondent shall provide the court with a letter from the Executive Director of the Judges and Lawyers Assistance Program confirming that he has executed a recovery agreement with the Judges and Lawyers Assistance Program. Upon reinstatement, respondent shall be placed on supervised probation for a period of five years (to coincide with the term of his recovery agreement), subject to the condition that he fully comply with all obligations of his recovery agreement with the Judges and Lawyers Assistance Program. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension execu-tory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
CRICHTON, J., recused.

 Crichton, J., recused.

. Although respondent initially denied drinking alcohol and claimed that accidental or incidental exposure to alcohol was the explanation for his positive test, he subsequently disclosed that he had consumed champagne at a party celebrating his daughter's engagement.